**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

PROGRESSIVE CASUALTY INSURANCE CO.                    PLAINTIFF

v.                              Case No. 05-2092

RUSSELL LAYTON and
PACESETTER TRUCKING COMPANY, INC.                    DEFENDANTS

<u>ORDER</u>

Now on the 24th day of January, 2006, comes on for consideration **Pacesetter Trucking Co.'s Motion to Dismiss (doc. 7)**. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. The plaintiff, Progressive Casualty Insurance Co. ("Progressive"), filed this action on June 20, 2005 against defendants Russell Layton ("Layton") and Pacesetter Trucking Company, Inc. ("Pacesetter") seeking declaratory judgment as to whether Progressive's insurance policy, issued to Layton, covers an accident involving Layton and Pacesetter.

According to Progressive's complaint, the accident took place on April 13, 2005 while Layton was escorting a tractor-trailer owned by Pacesetter.

Pacesetter now moves to dismiss Progressive's complaint, asserting that the Court lacks personal jurisdiction over it.

2. "When personal jurisdiction is challenged, plaintiff has the burden to show that jurisdiction exists." <u>Burlington</u>

Industries Inc. v. Maples Industries, 97 F.3d 1100, 1102 (8th Cir. 1996) (citation omitted). "[T]he burden does not shift to the party challenging jurisdiction." Gould v. P.T. Krakatau Steel, 957 F.2d 573, 575 (8th Cir.), *cert. denied* 506 U.S. 908 (1992), citing Newhard, Cook & Co. v. Inspired Life Centers, Inc., 895 F.2d 1226, 1228 (8th Cir. 1990).

In line with the foregoing authorities, Progressive, as the plaintiff asserting it, has the burden of making a prima facie showing of this Court's jurisdiction over Pacesetter. *See* First National Bank of Lewisville, Arkansas v. First National Bank of Clinton, Kentucky, 258 F.3d 727, 729 (8th Cir. 2001); Falkirk Min. Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 373 (8th Cir. 1990). Moreover, "[d]etermining whether jurisdiction exists over an out-of-state defendant involves two inquiries: (1) whether a forum's long-arm statute permits the assertion of jurisdiction and (2) whether assertion of personal jurisdiction violates federal due process." Graphics Controls Corp. v. Utah Med. Prods., Inc., 149 F.3d 1382, 1385 (Fed. Cir. 1998)(footnote omitted).

Because Arkansas' long-arm statute permits the assertion of jurisdiction to the extent permitted by the Due Process Clause, Ark. Code Ann. § 16-4-101(B) (Supp. 1995); *see also* Kilcrease v. Butler, 293 Ark. 454, 455, 739 S.W.2d 139 (1987), the sole inquiry this Court need make is whether the exercise of personal jurisdiction is

consistent with the due process clause[1].  *See* <u>3D Systems, Inc. V.</u>
<u>Aarotech Laboratories, Inc.</u>, 160 F.3d 1373, 1377 (Fed. Cir. 1998);
*see also* <u>Epps v. Stewart Information Services Corp.</u>, 327 F.3d 642,
647 (8th Cir. 2003).

"The Due Process Clause protects an individual's liberty
interest in not being subject to the binding judgments of a forum
with which he has no meaningful 'contacts, ties, or relations.'"
<u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 471-72
(1985)(quotation omitted).  Due process requires sufficient "minimum
contacts" between the defendant and the forum state so that
"maintenance of the suit does not offend traditional notions of fair
play and substantial justice."  <u>World-Wide Volkswagon Corp. v.</u>
<u>Woodson</u>, 444 U.S. 286, 291-92 (1980).

To satisfy its burden, a plaintiff asserting jurisdiction must
establish either specific jurisdiction or general jurisdiction.
<u>Merck & Co., Inc. v. Barr Lab., Inc.</u>, 179 F.Supp.2d 368, 371 (D.Del.
2002); <u>Mason v. Mooney Aircraft Corp.</u>, 2003 WL 21244160 (W.D.
Missouri)(Slip Opinion)(May 8, 2003)(explaining differences in two
concepts).

Specific jurisdiction arises when the particular cause of
action arose from the defendant's activities within the forum state;
general jurisdiction arises when the defendant has continuous and

---

[1] Courts are to apply the "minimum contacts" standard developed in <u>International Shoe</u> and its progeny.  <u>Hilderbrand</u>
<u>v. Steck Mfg. Co., Inc</u>., 279 F.Supp.2d 1351, 1355 (Fed.Cir. Feb. 7, 2002).

systematic contacts with the state, irrespective of whether defendant's connections are related to the particular cause of action. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984); see also Viam Corp. V. Iowa Export-Import Trading Co., 84 F.3d 424, 427 (Fed. Cir. 1996)(specific jurisdiction distinguished from general jurisdiction; general jurisdiction where defendant's contacts at issue have no necessary relationship to the cause of action). Before addressing the issue specifically, it is important to review the authorities governing the two types of jurisdiction.

(a) General Personal Jurisdiction -- Due process focuses on the fundamental fairness of exercising jurisdiction over a nonresident defendant, and therefore, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).

The United States Supreme Court has held that to maintain general jurisdiction over a foreign defendant, the facts must establish "substantial" or "continuous and systematic general business contacts" with the forum state. Helicopteros, 466 U.S. at 416. Such affiliations are construed in light of the Due Process Clause which permits the Court to exercise jurisdiction only if doing so would not "offend traditional notions of fair play and

substantial justice." International Shoe Co. v. Washington, 326 U.S.
310, 316 (1945). That is, a defendant must "reasonably anticipate
being haled into court" in the remote forum. World-Wide Volkswagon
Corp. v. Woodson, 444 U.S. 286, 297 (1980). While lack of physical
presence in a state cannot alone defeat jurisdiction, "random,"
"fortuitous," or "attenuated" contacts do not count in the minimum
contacts calculus. Burger King Corp. v. Rudzewicz, 471 U.S. 462,
475 (1985). If a party is amenable to general jurisdiction, then it
can be said that it has such numerous contacts with the forum that
it may be haled into court in that forum even for a suit not arising
out of its forum contacts. *See* Helicopteros, 466 U.S. at 416.

A showing of contacts alone, however, is not enough; a foreign
defendant may still defeat jurisdiction by marshaling a compelling
case that its exercise would be unreasonable or contrary to concepts
of fair play and substantial justice. Viam Corp., 84 F.3d at 429.
"The test of unreasonableness is a multi-factored balancing test
that weighs any burdens on the defendant, against various
countervailing considerations, including the plaintiff's interest in
a convenient forum and the forum state's interest in resolving
conflicts flowing from in-state events." Id., citing Burger King
Corp. v. Rudzewicz, 471 U.S. at 477. For these reasons, a
"plaintiff must show significantly more than mere minimum contacts
to establish general jurisdiction." Molnlycke Health Care AB v.

_Dumex Medical Surgical Prod., Ltd._, 64 F.Supp.2d 448, 450 (E.D. Pa. 1999).

Once defendants' contacts with the forum have been established, the Court considers the following factors in deciding whether to exercise jurisdiction:

> (1)   the nature and quality of defendants' contacts with the forum state;
>
> (2)   the quantity of such contacts;
>
> (3)   the relation of the cause of action to the contacts;
>
> (4)   the interest of the forum state in providing a forum for its residents; and
>
> (5)   the convenience of the parties.

_Epps_, 327 F.3d at 648, citing _Burlington Industries, Inc. v. Maple Industries, Inc._, 97 F.3d 1100, 1102 (8th Cir. 1996)(addt'l citations omitted).   In applying these factors, the central inquiry is the "relationship among the defendant, the forum and the litigation."   _Land-O-Nod Co. v. Bassett Furniture, Inc._, 708 F.2d 1338, 1340 (8th   Cir. 1983)(quoting _Shaffer v. Heitner_, 433 U.S. 186, 204 (1977)).

Finally, even where a jurisdictional threshold can be established, "personal jurisdiction may be defeated if its exercise would be unreasonable" and in making this determination, the Court considers factors such as

> (a)   the burden on the defendant; (b) the interest of the forum state; (c) the plaintiff's

interest in obtaining relief; (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (e) the shared interest of the several states in furthering fundamental substantive social policy.

*Asahi*, 480 U.S. at 113-14; <u>Falkirk Mining Co. v. Japan Steel Works, Ltd.</u>, 906 F.2d 369, 374 (8th Cir. 1990).

(b) <u>Specific Personal Jurisdiction</u> – Specific personal jurisdiction is distinguished from general personal jurisdiction in that specific jurisdiction usually refers to a "situation in which the cause of action arises directly from the defendant's contacts with the forum State." <u>Viam Corp. v. Iowa Export-Import Trading Co.</u>, 84 F.3d 424 (C.A. Fed. 1996).

4. In light of the foregoing authorities and considerations, the Court now turns to an examination Progressive's contentions.

(a) <u>Specific Personal Jurisdiction</u> -- First, Progressive asserts that the Court has specific personal jurisdiction over Pacesetter because of Pacesetter's "relationship with Layton . . . a resident of Arkansas."

It is undisputed that Pacesetter associated Russell Layton, an Arkansas resident, to escort its tractor and trailer while hauling a generator and housing unit. The facts indicate that, while Layton was escorting the tractor and trailer beneath an overpass, the

generator and housing unit being transported on the trailer collided with the overpass and were damaged.[2]

Progressive argues that Pacesetter's relationship with Layton (which apparently was comprised of the single escort service described) -- is sufficient to support specific jurisdiction. The argument seems to be that if an Arkansas resident performs a single service for another, even outside the state, that single service is alone sufficient to confer Arkansas jurisdiction over the other person. The Court knows of no authority to support that proposition. Pacesetter's relationship with Layton simply does not amount to a contact with the forum state such as to confer jurisdiction on that state.

(b) <u>General Personal Jurisdiction</u> -- Progressive also argues that Pacesetter is subject to general personal jurisdiction in Arkansas because:

*    Pacesetter is authorized to operate its trucking business in all forty-eight contiguous United States and the District of Columbia;

*    Pacesetter has traveled through Arkansas;

*    according to the Oklahoma Corporation Commission, Pacesetter reported that for the time period of July 1, 2003 through

---

[2]Progressive does *not* assert that the accident occurred in the State of Arkansas. According to Pacesetter, the accident occurred near Slidell, Louisiana.

8

June 30, 2004, 2.4% of its total miles traveled occurred in and through the State of Arkansas; and

* although Pacesetter has not registered a service agent with the State of Arkansas, Pacesetter has an agent for service of process in Arkansas pursuant to its operating authority under federal law.

In response to Progressive's arguments, Pacesetter asserts that:

* Pacesetter was served in Oklahoma -- not in Arkansas;

* Pacesetter neither registered with the State of Arkansas to do business in Arkansas, nor designated with the State of Arkansas an agent for service in Arkansas; and

* Pacesetter does not have sufficient minimum contacts with the State of Arkansas.

In the Court's view, Pacesetter's contacts with the State of Arkansas are *de minimis* and insufficient to support this Court's exercise of general personal jurisdiction over it. Unlike the defendant in <u>Ocepek v. Corporate Transport, Inc.</u>, 950 F.2d 556 (8th Cir. 1991), Pacesetter was served with process in the State of Oklahoma -- not the putative forum state; and it has never registered an agent for service with the State Arkansas. Due process requires more than Progressive has presented and its claim of jurisdiction must fail.

Accordingly, **Pacesetter Trucking Co.'s Motion to Dismiss (doc. 7)** should be, and hereby is, **granted** and Progressive's complaint against Pacesetter is dismissed for want of jurisdiction.

IT IS SO ORDERED.

/s/ Jimm Larry Hendren
UNITED STATES DISTRICT JUDGE