IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PROGRESSIVE CASUALTY INSURANCE CO.                                    PLAINTIFF

v.                                      Case No. 05-2092

RUSSELL LAYTON;
PUCKETT MACHINERY COMPANY;
WEDLAKE FABRICATING, INC.;
J&R ESCORT SERVICE, L.L.C.; and
FIREMAN'S FUND INSURANCE COMPANY                                      DEFENDANTS

**ORDER**

Now on the 30th day of May, 2006, comes on for consideration **Fireman's Fund Insurance Company's Motion to Dismiss (doc. 39).** The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows with respect thereto:

1. The plaintiff, Progressive Casualty Insurance Co. ("Progressive"), originally filed this action on June 20, 2005 against defendants Russell Layton and Pacesetter Trucking Company, Inc.[1] An Amended Complaint (doc. #25) was filed on February 22, 2006 naming as defendants Layton, Puckett Machinery Company, Wedlake Fabricating, Inc., J&R Escort Service, L.L.C., and Fireman's Fund Insurance Company. The Amended Complaint

---

[1] On January 24, 2006, Pacesetter Trucking Company, Inc. was dismissed from this action for want of jurisdiction.

1

seeks a declaratory judgment as to whether Progressive's insurance policy, issued to Russell Layton, covers an accident involving Layton and claims made by Layton, Puckett Machinery Company, Wedlake Fabricating, Inc., J&R Escort Service, L.L.C. and Fireman's Fund Insurance Company with respect to that accident.

2. The facts which serve as the basis for the Amended Complaint are described below:

* Russell Layton ("Layton") is in the business of escorting oversized vehicles.

* On or about April 13, 2005, Layton was employed by J&R Escorts to escort an oversized tractor-trailer owned and operated by Pacesetter Trucking Company, Inc. ("Pacesetter"). The tractor-trailer was hauling a generator and housing owned by Wedlake Fabricating, Inc. ("Wedlake").

* While travelling in or near Slidell, Louisiana, Layton escorted the tractor-trailer beneath an overpass causing damage to the generator and housing.

* Wedlake incurred expense due to the damage to the generator and housing.

* Puckett Machinery Company ("Puckett") also incurred expense as a result of the damage to the generator and housing.

*   Fireman's Fund Insurance Company ("Fireman's Fund") provided insurance coverage to Pacesetter and paid claims on behalf of Pacesetter to Wedlake and Puckett.

*   At the time of the incident, Progressive insured the vehicle driven by Layton under a commercial auto policy.

*   Layton has made a claim under the policy as a result of the incident at issue.

2. Fireman's Fund Insurance Company ("Fireman's Fund") now moves to dismiss Progressive's Amended Complaint. Specifically, Fireman's Fund argues that the action against it should be dismissed because there is no "case or controversy" between Progressive and Fireman's Fund, and is therefore not justiciable under Article III of the United States Constitution. Fireman's Fund states that, as evidenced by its Answer to the Amended Complaint: it has no interest in this action; it has made no demand on Progressive as a result of the incident; and it denies that it will in the future make any demand on Progressive as a result of the incident.

3. In its **Response to Motion to Dismiss and, In the Alternative, Motion for Judgment on the Pleadings** (doc. #43), Progressive argues that an actual controversy does exist; and, argues that because Fireman's Fund has affirmatively asserted no

interest in the dispute, this Court should grant judgment on the pleadings dismissing Fireman's Fund from this case.

4. Article III, Section 2 of the United States Constitution requires that federal courts have jurisdiction only over "cases and controversies." And, the Declaratory Judgment Act provides as follows: "In a case of *actual controversy* within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, . . . ." 28 U.S.C. §2201 (emphasis added).

The "cases and controversies" requirement, and the requirements of the Declaratory Judgment Act were discussed by the Supreme Court in both Aetna Life Ins. Co. v. Haworth, 300 U.S. 227 (1937) and Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270 (1941). According to the Supreme Court in Maryland Cas.,

> [t]he difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

4

312 U.S. at 273.

In Marine Equipment Management Co. v. USA, a panel of the Eighth Circuit Court of Appeals discussed the issue:

> The test to determine whether there is an actual controversy within the meaning of the Declaratory Judgment Act is whether 'there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' Caldwell v. Gurley Refining Co., 755 F.2d 645 (8th Cir. 1985)(additional citations omitted).
>
> Because the test to determine the existence of a 'substantial controversy' is imprecise, the decision of whether such controversy exists is made upon the facts on a case by case basis. The controversy must be live throughout the course of the litigation and must exist at the time of the district court's hearing of the matter and not simply when the case is filed. (citations omitted)

Marine Equipment Management Co. v. USA, 4 F.3d 643, 646 (8th Cir. 1993).

According to the uncontested statements of Fireman's Fund, it has asserted no demands against Progressive as a result of the incident involving Layton; and, it will not, in the future, assert any demands against Progressive as a result of the incident involving Layton. Absent such demands or a substantial probability that such demands will be made, there simply is not a "substantial controversy between the parties . . . to warrant the issuance of a declaratory judgment." Id. *See also* American

5

Commercial Lines, Inc. V. Monsanto Co., 781 F.2d 114 (8th Cir. 1985).

5. Based on the foregoing analysis, **Fireman's Fund Insurance Company's Motion to Dismiss (doc. 39)** should be, and it hereby is, **granted**. And, accordingly, Progressive's motion for judgment on the pleadings (**Response to Motion to Dismiss and, In the Alternative, Motion for Judgment on the Pleadings (doc. #43)**) should be, and it hereby is, **denied**.

IT IS SO ORDERED.

/s/ Jimm Larry Hendren
UNITED STATES DISTRICT JUDGE