IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PROGRESSIVE CASUALTY
INSURANCE CO.                                                    PLAINTIFF

   vs.                    CASE No. 05-2092

RUSSELL LAYTON                                                   DEFENDANT

## MEMORANDUM OPINION

Now on this 3rd day of November, 2006, comes on to be considered **Plaintiff's Motion for Summary Judgment (Doc. 57)**. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

   1.   The plaintiff, Progressive Casualty Insurance Company ("Progressive") brings this diversity action against Russell Layton.[1] Progressive seeks a declaratory judgment that an insurance policy it issued to Layton provides no coverage for any claims made by Layton arising out of an accident that occurred on or about April 13, 2005, and that Progressive has no duty to defend or indemnify Layton in any suit arising out of this accident.

   2.   Progressive argues that there is no coverage under the express terms of the policy, and that it is, therefore, entitled to summary judgment.

---

[1] Layton is the only remaining defendant in this action. All other defendants have been dismissed or default judgment entered against them.

1

Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  **See Walsh v. United States**, **31 F.3d 696 (8th Cir. 1994).**  Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party.  **Hardin v. Hussmann Corp.**, **45 F.3d 262 (8th Cir. 1995).**  The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute;  however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute.  **City of Mt. Pleasant, Iowa v. Associated Electric Co-op**, **838 F.2d 268 (8th Cir. 1988).**

3.   Pursuant to Local Rule 56.1, Progressive has filed a statement of facts which it contends are not in dispute.  (Doc. 59.)  In response, Layton states that he agrees with Progressive's statement of the facts and adopts them word for word.  (Doc. 62.)

From Progressive's statement of undisputed facts and the documentation attached in support of its motion for summary judgment (Doc. 57 & Exs.), the following facts are made to appear:

*   Layton is in the business of escorting oversized vehicles.

* Progressive insured Layton's escort vehicle, a 1996 GMC Sierra C2500.

* On or about April 13, 2005, Layton was employed to escort an oversized tractor-trailer. At some point during the trip, the tractor-trailer got off route and, in an attempt to get it back on route, Layton escorted it beneath an overpass. As the tractor-trailer attempted to pass beneath the overpass, the load it was hauling, a generator and housing, collided with the overpass and were damaged.

* According to Layton, prior to the accident, the height pole attached to his vehicle had broken and he borrowed a measuring pole from another escort vehicle to measure the height of the overpass. Layton attributed the accident to a malfunction in the borrowed height pole.

4. Under the terms of the insurance policy on Layton's escort vehicle, coverage was provided for damages that Layton became legally liable to pay because of an "accident." (Doc. 57 Ex. A at pg. 9.) The policy defined an "accident" as "a sudden, unexpected and unintended event ... that causes bodily injury or property damage and arises out of the *ownership, maintenance or use of your insured auto*." (emphasis added) (**Id.** at pg. 7.)

5. Progressive argues that the accident at issue "did not arise out of the ownership, maintenance or use" of the escort vehicle. Progressive contends that it was Layton's act of mis-

measuring the overpass and directing the driver of the tractor-trailer to proceed beneath the overpass that caused the accident.

6. Layton responds that the accident did arise out of the use of his escort vehicle. Layton argues that "[b]ut for the [breaking] of the height pole attached to [his] vehicle" – which necessitated Layton borrowing the other height pole that malfunctioned – "the accident would not have occurred." (Doc. 63 at pg. 2.)

7. Under Arkansas law, insurance exclusions are strictly construed and all reasonable doubts are to be resolved in favor of the insured. **See Home Mut. Fire Ins. Co. v. Jones**, 977 S.W.2d 12, 16 (Ark. Ct. App. 1998). If a reasonable construction may be given to the insurance policy which would justify recovery, it is the duty of the court to do so. **Id.**

> "An injury arises out of the use of a vehicle within the provisions of an automobile insurance policy when a causal connection is reasonably apparent between the use to which the vehicle is being put and the resulting injury .... To prove causation under such circumstances, a[n] [insured] need only show that the injury originated in, grew out of, or flowed from the use of a vehicle, not that the vehicle itself was the source of the injury. Thus, the vehicle need only be integrally related to the claimant's activities and the injury at the time of the accident.... The causal requirement is more than "but-for" causation, but less than legal, proximate cause.

**Hisaw v. State Farm Mut. Auto. Ins. Co.**, 122 S.W.3d 1, 6 (Ark. 2003) (internal citations omitted).

8. The breaking of the height pole on Layton's escort vehicle may have contributed to the chain of events that led up to

4

the accident. However, Layton's escort vehicle was neither the instrumentality that caused the tractor-trailer to hit the overpass, nor did the use of his escort vehicle produce the property damage. Rather, the accident and resulting property damage were caused by the mis-measurement of the overpass, which was allegedly caused by the malfunction of a height pole on another escort vehicle.

Accordingly, the accident cannot be said to have arisen out of the ownership, maintenance or use of Layton's escort vehicle, and the insurance policy at issue therefore provides no coverage.

9. The Court, therefore, concludes that Progressive is entitled to summary judgment against Layton featuring a declaration that the insurance policy it issued to Layton affords no coverage for any claims made by Layton arising out of the accident, and that Progressive has no duty to defend or indemnify Layton in any suit arising out of this accident.

**IT IS, THEREFORE ORDERED AND DECLARED** that Progressive's **Motion for Summary Judgment (Doc. 57)** against Layton be, and it hereby is, **GRANTED**

**IT IS FURTHER ORDERED** that a separate judgment reflecting the foregoing will be entered contemporaneously herewith.

**IT IS SO ORDERED.**

>                    /S/JIMM LARRY HENDREN
>                    JIMM LARRY HENDREN
>                    UNITED STATES DISTRICT JUDGE