```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                 FORT SMITH DIVISION

PROGRESSIVE CASUALTY
INSURANCE CO.                                    PLAINTIFF

     vs.              CASE No. 05-2092

RUSSELL LAYTON                                   DEFENDANT
```

## O R D E R

Now on this 25th day of January, 2007, comes on to be considered **Defendant's Motion for Relief from Judgment (Doc. 66)** and **Plaintiff's Response (Doc. 68)** in opposition. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

    1.    The plaintiff, Progressive Casualty Insurance Company ("Progressive") brought this action against defendant Russell Layton, seeking a declaratory judgment that an insurance policy it issued to Layton provided no coverage for any claims made by Layton arising out of an accident that occurred on or about April 13, 2005.

    2.    In ruling on Progressive's motion for summary judgment, the Court found the following facts to be undisputed:

- \*    Layton is in the business of escorting oversized vehicles.

- \*    Progressive insured Layton's escort vehicle ....

- \*    On or about April 13, 2005, Layton was employed to escort an oversized tractor-trailer. At some point during the trip, the tractor-trailer got off route

>   and, in an attempt to get it back on route, Layton escorted it beneath an overpass. As the tractor-trailer attempted to pass beneath the overpass, the load it was hauling, a generator and housing, collided with the overpass and were damaged.
>
> \*   According to Layton, prior to the accident, the height pole attached to his vehicle had broken and he borrowed a measuring pole from another escort vehicle to measure the height of the overpass. Layton attributed the accident to a malfunction in the borrowed height pole.

(Doc. 64 at pgs. 2-3.)

3.   The Court granted Progressive summary judgment, finding that the accident did not arise out of the ownership, maintenance or use of Layton's escort vehicle. The Court reasoned:

> The breaking of the height pole on Layton's escort vehicle may have contributed to the chain of events that led up to the accident. However, Layton's escort vehicle was neither the instrumentality that caused the tractor-trailer to hit the overpass, nor did the use of his escort vehicle produce the property damage. Rather, the accident and resulting property damage were caused by the mis-measurement of the overpass, which was allegedly caused by the malfunction of a height pole **on another escort vehicle**.

(Doc. 64 at pgs. 4-5) (emphasis added).

4.   Layton now moves for relief from the summary judgment order pursuant to Fed. R. Civ. P. 60(b)[1], asserting that the Court misunderstood the facts. Specifically, Layton asserts that he "had inserted the borrowed height pole and **installed the pole on [his] vehicle**." (Doc. 66 ¶ 3) (emphasis added).

---

[1] While Progressive characterizes the motion as untimely, the Court considers it to be timely filed under Rule 60(b)(1).

2

5.   Whether or not Layton actually installed the borrowed height pole on his escort vehicle is of no consequence to the outcome of this case.  The critical inquiry in determining whether an accident arose out of the ownership, maintenance or use of a vehicle is whether the vehicle itself or permanent attachments to the vehicle causally contributed in some way to produce the injury.  See Greene v. Young, 54 P.3d 734, 738 (Wash. Ct. App. 2002).  Layton attributed the accident to a malfunction in the borrowed height pole and the borrowed pole was not a permanent attachment to Layton's vehicle.  Accordingly, the accident cannot be said to have arisen out of the ownership, maintenance or use of Layton's escort vehicle, and the insurance policy at issue therefore provides no coverage.

6. Based on the foregoing, the Court concludes that Layton's **Motion for Relief from Judgment (Doc. 66)** is without merit and should be, and hereby is, **DENIED.**

   **IT IS SO ORDERED.**

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE